■ CENTECH LLC, Respondent, v YIPPIE HOLDINGS, LLC, et al., Defendants, and 9 BLEECKER LLC, Appellant. [28 NYS3d 598]—

Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered August 27, 2015, which, to the extent appealed from, adjudging that the sum of $3,905,282.23 in principal and interest was due on the mortgage prior to foreclosure sale, unanimously affirmed, with costs.

The record amply supports the IAS court's conclusion that the mortgage on the property remained valid, and continued to accrue interest, following the placement of the deed in escrow and the subsequent transfer of the deed to the mortgage lender's designee (*Patmos Fifth Real Estate Inc. v Mazl Bldg., LLC*, 124 AD3d 422, 426 [1st Dept 2015]). Defendant-appellant, 9 Bleecker LLC (9 Bleecker), has failed to establish that the escrow agreement, to which it was not a party, was a " 'deed in lieu of foreclosure' . . . an absolute conveyance or sale of the property—despite the language in the agreement stating that, should [the property owner] breach, the deed may be released from escrow and recorded" (*id.*). The deed was given as security for the debt to plaintiff Centech LLC, and not as an absolute transfer of property rights (*id.*).

Further, 9 Bleecker, in an effort to protect its rights of first refusal, previously obtained rulings in the IAS Court to the effect that the ultimate transfer of the deed to the lender's designee pursuant to the escrow agreement was null and void, thus having no legal effect. 9 Bleecker is judicially estopped from now contesting such nullification simply because it suits its current litigation posture, to wit, that the mortgage was extinguished and ceased to accrue interest upon the delivery of the deed (*D & L Holdings v Goldman Co.*, 287 AD2d 65 [1st Dept 2001], *lv denied* 97 NY2d 611 [2002]).

We have considered 9 Bleecker's remaining contentions, and find them unavailing. Concur—Sweeny, J.P., Renwick, Saxe, Gische and Kahn, JJ.